**United States District Court**
For the Northern District of California

1

2

3

4

5

6

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

ROSALIA M. FERARO,                                    CASE NO. 5:12-CV-00322-EJD

                                              **ORDER DISMISSING FEDERAL CLAIMS**
            Plaintiff,                        **AND REMANDING CASE**
      v.

IMPAC FUNDING CORPORATION et al.,
                                              [Re: Docket Item Nos. 13, 16, 19]

            Defendants.
                                          /

      Now pending before the court are motions to dismiss the complaint for failure to state a

claim filed by three different groups of defendants. For the reasons set forth below, the motions are

granted in part and the case is remanded to state court.


      I.      BACKGROUND

      In September 2006, Plaintiff Rosalia M. Feraro borrowed $550,000 from Defendant Impac

Funding Corporation. Compl. ¶ 8. The loan was secured by a deed of trust on her home in San Jose,

California. Id. ¶¶ 7–8. Each of the other Defendants was apparently connected with the transaction

in some way—for example, as a servicer, trustee, or beneficiary.

      In May 2010, Feraro filed a complaint in Santa Clara County Superior Court against all the

same defendants she names in this case. Case no. 1-10-CV-173196 (the "earlier case"). The

complaint raised twenty-two causes of action, including claims under the Truth in Lending Act

(TILA) and the Real Estate Settlement Procedures Act (RESPA). The case was removed to federal

1

CASE NO. 5:12-CV-00322-EJD
ORDER DISMISSING FEDERAL CLAIMS AND REMANDING CASE

United States District Court

For the Northern District of California

1  court on the basis of federal question jurisdiction. N.D. Cal. case no. 5:10-cv-02752-JW. After

2  allowing Feraro a chance to amend her complaint, Judge Ware dismissed the federal claims with

3  prejudice and remanded the case to Superior Court on April 5, 2011. The Superior Court dismissed

4  the case on June 30, 2011, though the basis for the dismissal is unclear.

5        On December 27, 2011, Feraro filed this case in Santa Clara County Superior Court. Case

6  no. 1-11-CV-215662. The complaint in this case is very similar to the amended complaint in the

7  earlier case: it raises all the same causes of action (and nominally adds a few new ones), it names the

8  same group of defendants, and repeats many of the same allegations. Compare Compl. ¶¶ 31–80

9  with 5:10-cv-02752 First Am. Compl. ("Prior FAC") ¶¶ 18–53. The case was removed to this court

10  again on the basis of federal question jurisdiction.

11        Three separate groups of defendants now move to dismiss the complaint for failure to state a

12  claim on which relief can be granted. Each of those motions was filed on February 16, 2012 and set

13  for hearing on June 1, 2012. The motions stood unopposed until May 29, 2012, when Feraro filed

14  substantially identical 35-page responses to each motion.

15

16        II.    LEGAL STANDARD

17        A motion to dismiss for failure to state a claim under Rule 12(b)(6) tests the legal sufficiency

18  of a complaint. Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001). While a complaint need not

19  allege detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to

20  'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)

21  (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is facially plausible

22  when it "allows the court to draw the reasonable inference that the defendant is liable for the

23  misconduct alleged." Id. If a court grants a motion to dismiss, leave to amend should be granted

24  unless the pleading could not possibly be cured by the allegation of other facts. Lopez v. Smith, 203

25  F.3d 1122, 1130 (9th Cir. 2000). If amendment would be futile, however, a dismissal may be

26  ordered with prejudice. Dumas v. Kipp, 90 F.3d 386, 393 (9th Cir. 1996).

27  /

28  /

CASE NO. 5:12-CV-00322-EJD
ORDER DISMISSING FEDERAL CLAIMS AND REMANDING CASE

United States District Court
For the Northern District of California

III.   DISCUSSION

1   As a preliminary matter, Plaintiffs' opposition papers were filed after the motion was taken

2   under submission, nearly three months late, and do not comply with the Civil Local Rules regarding

3   form or page limit. <u>See</u> Civil L.R. 7-3, 7-4. While any of these failings would constitute proper

4   grounds to disregard the filings, the court declines to strike the opposition papers out of extreme

5   deference to Feraro's status as a pro se litigant.

6   Even considering the responsive briefs, it is clear that the complaint fails to state any federal

7   claim. Most of the federal causes of action raised in the complaint were litigated in Feraro's earlier

8   case and dismissed with prejudice; the rest so clearly fail to state a claim that they must be dismissed

9   without leave to amend.

10   The rule of res judicata provides that issues decided by one court may not be relitigated in

11   another case. "Under the doctrine of claim preclusion [a subset of res judicata], a final judgment

12   forecloses successive litigation of the very same claim, whether or not relitigation of the claim raises

13   the same issues as the earlier suit." <u>Taylor v. Sturgell</u>, 553 U.S. 880, 892 (2008) (internal quotations

14   omitted). Claim preclusion applies only when there is "(1) an identity of claims, (2) a final judgment

15   on the merits, and (3) privity between parties." <u>Turtle Island Restoration Network v. U.S. Dep't of</u>

16   <u>State</u>, 673 F.3d 914, 917 (2012) (internal quotations omitted). For claim preclusion purposes, a

17   dismissal of an action as time-barred by the applicable statute of limitations is a final judgment on

18   the merits. <u>Ellingson v. Burlington Northern, Inc.</u>, 653 F.2d 1327, 1330–31 & n.3 (9th Cir. 1981).

19   Here, res judicata clearly precludes Feraro's TILA and RESPA claims. The complaint's

20   TILA and RESPA causes of action are essentially identical to corresponding claims which were

21   finally decided in the earlier case. Order Granting Defs.' Mots. Dismiss and Remanding Case to

22   State Court at 4–8 , 5:10-cv-02752, ECF No. 77 (N.D. Cal. Apr. 5, 2011) ("<u>Feraro I</u>") ; <u>compare</u>

23   Compl. ¶¶ 133–144, 240–247 <u>with</u> Prior FAC ¶¶ 78–98. Likewise, the "new" cause of action for

24   violation of 12 C.F.R. § 226.23(a)(3) was finally decided in the earlier case as part of the TILA

25   claim. <u>Feraro I</u> at 5–8; <u>compare</u> Compl. ¶¶ 161–166 <u>with</u> Prior FAC ¶¶ 84–89. That case involved

26   exactly the same parties, and all of the TILA and RESPA claims in the case were expressly

27   dismissed with prejudice. This court cannot permit relitigation of those same claims. Feraro's TILA

3

United States District Court

For the Northern District of California

1 and RESPA causes of action are again DISMISSED WITH PREJUDICE.

2      The new cause of action for violation of 24 C.F.R. § 3500.10 fails to state a claim because

3 the obligation to provide a settlement statement arises from 12 U.S.C. § 2603, a statute that does not

4 create a private right of action. See Alda v. SBMC Mortgage, 2012 WL 10589, at *5 (N.D. Cal. Jan.

5 3, 2012) (ruling on an identically worded cause of action). The claim cannot be cured by

6 amendment, and is DISMISSED WITH PREJUDICE.[1]

7      The cause of action for violation of the Fair and Accurate Credit Transaction Act of 2003 is

8 also time-barred and not subject to equitable tolling in this case. The FCRA—which the FACT Act

9 amends—sets an absolute statute of limitations of "5 years after the date on which the violation that

10 is the basis for [] liability occurs." 15 U.S.C. § 1681p. Feraro claims that she should have been given

11 credit scoring information so that she could evaluate her own creditworthiness and fitness for the

12 loan. Compl. ¶¶ 170–173. She took out the loan on September 27, 2006, so any failure to disclose

13 must have occurred before that date. This action was not brought until December 27, 2011, more

14 than five years later. Equitable tolling is inappropriate because the statute provides for a grace period

15 of up to three years to allow aggrieved parties to discover any violation. 15 U.S.C. § 1681p. The

16 structure of the statute of limitations—in particular, the existence of that grace

17 period—demonstrates that the five-year limit is intended to be absolute. Accordingly, Feraro's

18 FACT Act claim is DISMISSED WITH PREJUDICE.

19      Finally, the Wrongful Foreclosure claim arises out of state law. Although the claim mentions

20 violations of federal law, see Compl. ¶¶ 283–284, those violations have all been adjudicated above

21 or in the earlier case.

22 /

23 /

24 /

25 /

26

27

28
      [1] This claim might also be subject to claim preclusion because it arises under RESPA, if at
all. It is not clear that Feraro raised this issue in the earlier case, however, so this court disposes of it
on the limitations ground instead.

4

IV.     CONCLUSION

Having dismissed all of the federal claims, the court declines to exercise supplemental

jurisdiction over the remaining state law causes of action. See 28 U.S.C. § 1367(c)(3). The case is

hereby REMANDED to the Superior Court for the County of Santa Clara. The case management

conference in this case is VACATED. The clerk shall transmit the file and close the case.

**IT IS SO ORDERED.**


Dated:  June 1, 2012

EDWARD J. DAVILA
United States District Judge

**United States District Court**
For the Northern District of California

5

CASE NO. 5:12-CV-00322-EJD
ORDER DISMISSING FEDERAL CLAIMS AND REMANDING CASE